UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. WALLS,                                    Case No. 12-11874

            Plaintiff,                              Stephen J. Murphy, III
v.                                                  United States District Judge

LYNETTE O'CONNOR, *et al.*,                         Michael Hluchaniuk
                                                    United States Magistrate Judge
            Defendants.
_____/

## REPORT AND RECOMMENDATION
## RULE 41(b) DISMISSAL/MOTION TO DISMISS (Dkt. 32)

## I.      PROCEDURAL HISTORY

This prisoner civil rights case was filed on April 26, 2012.  (Dkt. 1).  On

October 11, 2013, this matter was referred to the undersigned for all pretrial

purposes.  (Dkt. 33).  On May 16, 2013, defendants filed a motion to dismiss for

failure to prosecute.  (Dkt. 32).  Plaintiff was ordered to file a response by October

25, 2013.  (Dkt. 34).  This order provided that the "**[f]ailure to timely file a**

**response to the motion to dismiss will result either in a recommendation**

**granting the motion to dismiss or a recommendation of dismissal under**

**Federal Rule of Civil Procedure 41(b)**."  (Dkt. 34) (emphasis in original).  A

review of the docket reveals that plaintiff had not filed a timely response to this

motion.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.    ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link*, 370 U.S. at 630.  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro*, 173 F.3d at 991, citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  And, "a district court can dismiss an

action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, plaintiff received multiple warnings that his case would be dismissed. Defendants' motion itself was a clear warning. In that motion, defendants described plaintiff's repeated failure to cooperate in discovery, plaintiff's repeated failure to respond to discovery motions, and plaintiff's repeated failure to comply with discover orders entered after he failed to respond to the motions, as ordered. (Dkt. 32). Then, the Court explicitly warned plaintiff that dismissal in defendants' favor would be granted if he failed to file a response to the motion to dismiss. (Dkt. 34). Thus, this factor weighs in favor of dismissal.

With respect to the first factor, just as in *White v. Bouchard*, 2008 WL

Report and Recommendation
Motion to Dismiss
*Walls v. O'Connor*; Case No. 12-11874

2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. It is readily apparent that plaintiff does not intend to pursue prosecution of this action, given the repeated failure to respond to motions as ordered. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's repeated failures to file responses as ordered on multiple occasions, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 2, 2013           s/Michael Hluchaniuk
                                 Michael Hluchaniuk
                                 United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 2, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Kimberley A. Koester, Ronald W. Chapman, and Allan J. Soros</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Daniel L. Walls, ID# 311781, 2017 Amherst Lane, Conyers, GA 30094</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion to Dismiss
*Walls v. O'Connor*; Case No. 12-11874
